No. 21,611.

JESSIE GULICK and MARGARET MILES, *Appellants,* v. GEORGE GOLDER, as an Individual and as Executor, etc., *Appellee.*

### SYLLABUS BY THE COURT.

WILL—*Want of Testamentary Capacity Not Shown.* The action turns on the question of insane delusion—on which the voluminous evidence differed—and the finding of the trial court that the testator was of sound and disposing mind must stand.

Appeal from Osage district court; ROBERT C. HEIZER, judge. Opinion filed February 8, 1919. Affirmed.

*D. R. Hite, R. W. Blair,* and *T. M. Lillard,* all of Topeka, for the appellants.

*A. B. Crumb,* of Lyndon, and *P. J. McLaughlin,* of Osage City, for the appellees.

The opinion of the court was delivered by

WEST, J.: This action was brought by the heirs at law of John C. Golder to impeach his will on the ground that it was made when he was of unsound mind, and without testamentary capacity. After a large number of witnesses had testified *pro and con* as to his mental condition, the court found that at the time he made his will he was of sound and disposing mind.

The plaintiffs rested their case on the proposition that, while in a general way he was of sound mind, he was laboring under an insane delusion that his son-in-law had put poison in the eyewater which he was using, and that actuated by such delusion he changed his will so as to give the daughter one thousand dollars instead of two eighty-acre tracts of land.

The court was requested to find that the testator was thus influenced to change his will, but made only a general finding that when he made the last will he was of sound and disposing mind.

While from the cloud of witnesses much testimony was received which would. have supported the finding requested, the trial court was not convinced thereby, and the question of the alleged delusion being one of fact, the conclusion of the trial court must stand, supported as it is by the testimony of numerous witnesses.

While the writer feels convinced that the plaintiff's assertion was sustained, the other members of the court hold the contrary view. This makes it unnecessary to refer to the authorities cited, or to quote any of the evidence.

The judgment is affirmed.